[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2009
THOMAS K. KAHN
CLERK

No. 08-14010
Non-Argument Calendar
_____

Agency No. A95-467-499

MEI YUN ZHUO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 27, 2009)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Mei Yun Zhuo, a native and citizen of China, through counsel, petitions for

review of the decision of the Board of Immigration Appeals that dismissed her appeal from the denial of her application for asylum and withholding of removal under the Immigration and Nationality Act. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.16(b). The Board found that Zhuo's application for asylum was untimely and that Zhuo failed to prove that she suffered past persecution or a fear of future persecution. We deny Zhuo's petition.

We review the decision of the Board to determine whether it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "To reverse [those] fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). We review the legal conclusions of the Board de novo. Id. at 1287 n.6.

Zhuo argues that she faces persecution because she criticized the local police department, but we lack jurisdiction to consider that argument. Zhuo did not present that argument to the Board. "[A]bsent a cognizable excuse or exception, 'we lack jurisdiction to consider claims that have not been raised before the [Board].'" Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).

Zhuo's remaining argument fails because substantial evidence supports the decision that Zhuo failed to prove a likelihood of persecution upon her return to

2

China.  "To establish a well-founded fear of future persecution, an applicant must "'present specific, detailed facts showing a good reason to fear that [she] . . . will be singled out for persecution. . . .'"  Mohammed v. U.S. Att'y Gen., 547 F.3d 1340, 1345 (11th Cir. 2008) (quoting Al Najjar, 257 F.3d at 1287).  Zhuo failed to present any evidence that she will be persecuted when she returns to China other than her testimony about her subjective fears that she will be forcibly sterilized because she gave birth to three children in the United States.  The record contains substantial evidence to the contrary.  There is evidence that in Zhuo's home province there have been no forced sterilizations in the last ten years.

We **DENY** Zhuo's petition for review.

**PETITION DENIED**.